Filed 6/27/14  P. v. Morris CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RONALD DEAN MORRIS,<br><br>    Defendant and Appellant. | H040326<br>(Santa Clara County<br>Super. Ct. No. C1350962) |

## I.  INTRODUCTION

Defendant Ronald Dean Morris pleaded no contest to the charge of petty theft with three or more prior theft convictions (Pen. Code, § 666, subd. (a))[1] and admitted the allegations that he had one prior violent or serious felony conviction (§ 667, subds. (b)-(i)) that also qualified as a strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) and he had served two prior prison terms (§ 667.5, subd. (b)). After denying defendant's motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) to dismiss the prior strike conviction and striking the two prior prison term allegations, the trial court imposed a term of four years in the state prison.

Defendant filed a timely notice of appeal, and we appointed counsel to represent him in this court.  Appointed counsel has filed an opening brief that states the case and

---

[1] All statutory references hereafter are to the Penal Code unless otherwise indicated.

facts but raises no issue. We notified defendant of his right to submit written argument on his own behalf within 30 days. The 30-day period has elapsed and we have received no response from defendant.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following the California Supreme Court's direction in *People v. Kelly*, *supra*, at page 110, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."

## II.  FACTUAL BACKGROUND

Since no preliminary hearing was conducted in this case, our description of the facts of the instant offense is taken from the probation report.

On the afternoon of January 26, 2013, defendant entered a Costco store and concealed store merchandise, a laptop computer, under his shirt. Defendant then left the store without paying for the laptop. The theft was discovered when a store employee found an empty laptop box. The next day, the store manager reviewed video surveillance and distributed a photograph of defendant to store personnel.

A Costco store associate recognized defendant on January 29, 2013, when defendant was observed leaving the store and entering a vehicle. The store associate obtained the vehicle's license plate number and reported the laptop theft to the Santa Clara Police Department. After determining from a records check that the vehicle was registered to defendant's fiancée, detectives contacted defendant at his fiancée's residence. A detective immediately recognized defendant from the photograph provided by Costco. Defendant identified himself from the photograph and admitted to the detectives that he had taken the laptop and used it to pay a debt. Defendant asked if he could pay for the laptop, which was not found when the detectives searched the residence.

2

### III.  PROCEDURAL BACKGROUND

The complaint filed in February 2013 charged defendant with one felony count of petty theft with three or more prior theft convictions (§ 666, subd. (a)) and alleged that he had one prior violent or serious felony conviction (§ 667, subds. (b)-(i)) that also qualified as a strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) and he had served two prior prison terms (§ 667.5, subd. (b)).

On July 10, 2013, defendant pleaded no contest to the charge of petty theft with three or more prior theft convictions (§ 666, subd. (a)) and admitted the allegations that he had a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) and two prison priors (§ 667.5, subd. (b)) in exchange for an indicated maximum sentence of four years if the trial court denied his *Romero* motion.

Defendant subsequently filed a *Romero* motion in which he argued that the trial court should exercise its discretion to strike his prior strike conviction pursuant to section 1385 because (1) he had committed the strike offense 35 years ago at the age of 21; (2) he is 58 years old and suffers from severe physical and mental health problems and substance abuse; (3) he was a victim of child abuse; and (4) the current theft offense was not serious or violent and he had admitted his wrongdoing and pleaded no contest at an early stage of the proceedings.

The People opposed defendant's *Romero* motion on the grounds that defendant had an extensive criminal history that began in 1973 and included two prior strike convictions, 11 parole violations, and eight prison commitments, and post-release community supervision (PRCS) at the time of the current offense.  The People also asserted that defendant had admitted multiple prior thefts from Costco.

The trial court denied the *Romero* motion at the sentencing hearing held on October 24, 2013, finding that defendant fell within the spirit of the Three Strikes law because the record showed that defendant had committed one crime after another for the past 40 years, including new offenses, probation violations, and parole violations.  The

3

court then sentenced defendant to a term of four years in the state prison, calculated by doubling the middle term. The court also struck the allegations that defendant had served two prior prison terms in the interests of justice pursuant to section 1385. Presentence custody credit of 477 days (239 actual days and 238 days pursuant to § 4019) was granted. The court advised defendant that upon his release he would be subject to a three-year parole supervision period.

The trial court ordered defendant to pay a $280 restitution fine (§ 1202.4, subd. (b)(2)) and suspended the imposition of a $280 parole revocation restitution fine (§ 1202.45). The court also ordered payment of a court security fee of $40 (§ 1465.8, subd. (a)(1)) and a criminal conviction assessment fee of $30 (Gov. Code, § 70373). In addition, the court ordered payment of direct victim restitution in the amount of $719 (the value of the laptop) to Costco, to be collected by the California Department of Corrections and Rehabilitation from defendant's earnings while in prison, on parole, or on PRCS.

## IV. *WENDE* ANALYSIS

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## V. DISPOSITION

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.


WE CONCUR:


_____
MÁRQUEZ, J.


_____
GROVER, J.